WILLIAM M. d'ESPARD v. MAYOR AND COUNCIL OF ESSEX FELLS.

Argued November Term, 1912—Decided January 25, 1913.

Where the public will has been fairly expressed in apparent conformity to the provisions of an election law requiring a referendum to the people of a municipality upon a designated issue, the mere failure of an administrative officer to comply with the provisions of the act in non-essential details in nowise subversive of the general legislative purpose will not invalidate the election.

On *certiorari.*

Before Justice MINTURN.

*William M. d'Espard, pro se.*

For the defendant, *Smith, Mabon & Herr.*

MINTURN, J. The conceded facts are that under the provisions of chapter 123 of the laws of 1910, being amendatory to the General Borough act, the borough of Essex Fells undertook by resolution of its governing body to call an election

for the purpose of obtaining an expression of the popular will of the inhabitants, as to the expediency of issuing bonds of the borough for the purchase of a site for, and the erection thereon, of a borough hall for general official purposes. The resolution provided that the issue of bonds should be limited to $10,000 payable in thirty years, bearing interest at five per cent. per annum, and that the propriety of the bond issue should be submitted to the voters of the borough at the annual election to be held on the 5th day of November, 1912, in accordance with section 41, as amended, of the Borough law of the state.

The clerk of the borough caused copies of the resolution to be duly posted in the borough and a copy to be printed in a weekly newspaper, circulating in the borough. Separate ballots and ballot boxes were provided for the election, and fully ninety-five per cent. of the voters of the borough expressed their will upon the subject thus submitted, with the result that a majority of the voters favored the proposed bond issue.

This writ is intended to question the legality of the issue upon two grounds—*first,* that the ballot was not in legal form; and *second,* that there was not a sufficient publication in a newspaper, as required by law.

It is quite apparent that the provisions of section 41, as amended by *Pamph. L.* 1910, *p.* 205, of the Borough act empowering the issue of bonds, is intended to enable the borough council to submit the question as to the expediency of the issue to the voters of the borough, at an annual or at a special election. Having seen fit to submit the question at an annual election, the laws governing the procedure of that election must be held to apply.

The ballot submitted to the voters in this case was in substantial compliance with the requirements of chapter 183 of the laws of 1911, governing the conduct of general elections, excepting that the question submitted was not printed at the foot of the general election ballot, but upon a separate ballot.

In any event it may be said that when the fact clearly appears that a statutory provision is entirely directory in

character; that the essential purpose of the law has been answered; that no claim is made that any substantial fraction of the electors have been misled, and that to all intents and purposes the legislative scheme has been complied with by a substantial expression of the popular will, the mere failure of punctilious compliance by a local administrative official, entrusted with the performance of statutory details of the Election law, will be held not to subvert the popular will thus practically expressed. *Fletcher* v. *Collingswood, 59 Atl. Rep.* 90; *Brown* v. *Street Lighting District,* 41 *Vroom* 763.

The general principle upon which such controversies are determined, is thus succinctly and authoritively stated: "Statutory provisions regulating the conduct of public elections if not made mandatory by the express terms of the law, will be construed as so far directory that the election will not be nullified by mere irregularities, not fraudulently brought about when the departure from the prescribed method was not so great as to throw a substantial doubt on the result; and where it is not shown that there was any obstacle to a fair and free expression of the will of the electors." *Bl. Int. St.* 353, and cases cited.

A practical illustration of the application of this rule by this court, is contained in *Winters* v. *Warmolts,* 41 *Vroom* 615, where the city clerk of Paterson in publishing the statutory notice of the election, neglected to include one of the offices to be filled thereat, but it nevertheless appearing that the office thus omitted was filled by a full and fair vote of the electors, this court held the statutory requirement to be merely directory and the election of the candidate when questioned upon *quo warranto* to be valid.

This reasoning is applicable to the two objections raised by this prosecutor, for obviously both are based upon alleged informalities, or want of compliance by the borough clerk with mere details of publication, not essential in themselves to a full and fair expression of the popular will upon the subject submitted.

The fact that the required statutory notice incident to the holding of a special election was not given may be conceded

if at the same time it be conceded, as seems to be undisputed here, that the statutory notice required for the holding of the general election was given.

Mr. Justice Pitney, in dealing with this question in *Brown* v. *Street Lighting District, ubi supra,* says: "Special notice when prescribed by statute is intended for the purpose of greater publicity, but the right to hold the election comes from the statute and not from the official notice." And again (at *p.* 767):

"The question here is whether in face of the fact that the will of the people has been fairly expressed, the election must be held void by reason of the mere failure to give in due season the statutory notice. In our view in this, as in all cases. of stated public elections, the requirement of notice is directory, intended to insure that knowledge of the approaching event shall be brought home to all the voters, but not essential to the validity of the election."

These views are conclusive upon the questions here presented, and the resolution of the borough ordering the issue of the bonds in question, as a result of the election, is therefore affirmed.