144 N.J. Super. 435 (1976)
365 A.2d 1378
MARGATE TAVERN OWNERS' ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
G. ROLAND BROWN AND CARL VALORE, DEFENDANTS, AND MARGATE CIVIC ASSOCIATION, AN UNINCORPORATED ASSOCIATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1976.
Decided October 14, 1976.
*438 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Stephen Hankin argued the cause for appellant (Messrs. Hankin & D'Amato, attorneys).
*439 Mr. Edwin J. Jacobs, Jr., argued the cause for respondent Margate Tavern Owners' Association (Messrs. Tort & Daniels and Messrs. McGahn & Friss, attorneys; Mr. Patrick T. McGahn, Jr. on the brief).
Mr. David R. Fitzsimons, Jr. filed a statement in lieu of brief on behalf of respondent G. Roland Brown.
Mr. Murray Fredericks filed a statement in lieu of brief on behalf of respondent Carl Valore.
PER CURIAM.
Margate Civic Association, an unincorporated association of this State, appeals from a judgment of the Superior Court, Chancery Division, made on October 4, 1976, permanently restraining G. Roland Brown, Clerk of the City of Margate, and Carl Valore, Clerk of the County of Atlantic, from "placing on the November 2, 1976 general election ballot, the proposed ordinance submitted by the Margate Civic Association and which was approved by the said G. Roland Brown."
On August 5, 1976 appellant civic association submitted a petition to Brown for filing. Said petition was certified to contain and did in fact contain signatures of approximately 26% of the number of votes cast at the last preceding general election in Margate. The last preceding general election in Margate took place in November 1975. The petition addressed to the city clerk is set forth in the appendix hereto.
As observed, the petition was filed pursuant to N.J.S.A. 40:74-14. The city clerk, having found the petition to be sufficient, complied with the terms of said § 14 and the ordinance was then processed for the purpose of being placed upon the ballot pursuant to said statute.
On August 16, 1976 plaintiff association instituted the instant action in the Chancery Division, asserting that the procedure followed by the civic association was improper, illegal and inappropriate, and demanded an injunction *440 against the placing of the ordinance on the ballot. The civic association, which was not named as a party to the action brought by plaintiff, was permitted to intervene in the action. Following a hearing before the trial judge, he rendered an oral opinion in which he recognized that ordinary rules of construction would dictate that statutes providing for initiative and referendum processes should be liberally construed. However, he concluded that "the failure to bring the petition under the procedural requirements of N.J.S.A. 33:1-47.1 was fatal to the validity of that portion [of the ordinance] dealing with the hours of sale." His opinion indicates that his greatest concern in arriving at his conclusion was that to allow the proposal to appear on the ballot as written in ordinance form with an explanatory statement as required by the Title 33 statute and a court-ordered five-year mandatory moratorium "completely ignores the statutory requirement that the hours question must be separately and specifically set forth and tends to blur the distinction which the Legislature clearly intended between referenda dealing with liquor hours and other referenda."[1]
We infer from this statement that the judge apparently was of the mistaken view that the explanatory statement which is directed to appear immediately below the printed question, as set forth in the Title 33 statute, includes the statement that "no further referendum of the same question shall be held therein prior to the general election to be held in such municipality in the fifth year thereafter."
N.J.S.A. 33:1-47.1 provides one of two ways to fix hours between which the sale of alcoholic beverages at retail may be made. The other method is provided by N.J.S.A. 33:1-40, which permits a municipal board or governing body by ordinance or resolution to limit such hours.
Section 47.1 requires a very brief explanatory statement which is quoted specifically in that statute. It does *441 not require the language under the quoted statement to appear and thus it does not require the statement to include anything more than what is between the quotation marks.
Sharrock v. Keansburg, 15 N.J. Super. 11 (App. Div. 1951), held that the statement provided for in § 47.1 need not be followed verbatim. Quoting from d'Espard v. Essex Fells, 84 N.J.L. 181, 182 (Sup. Ct. 1913), it concluded that the statement was directory only, in the sense that it could be varied in its text in order to accommodate the objective of clarity. The quotation from d'Espard which is applicable to the case before us is as follows:
In any event it may be said that when the fact clearly appears that a statutory provision is entirely directory in character; that the essential purpose of the law has been answered; that no claim is made that any substantial fraction of the electors have been misled, and that to all intents and purposes the legislative scheme has been complied with by a substantial expression of the popular will, the mere failure of punctilious compliance by a local administrative official, entrusted with the performance of statutory details of the Election law, will be held not to subvert the popular will thus practically expressed.
The law in this State, recognized by the trial judge, is well established on the point that initiative and referendum statutes should be liberally construed in order to encourage public participation in municipal affairs in the face of normal apathy and lethargy in such matters. Sparta Tp. v. Spillane, 125 N.J. Super. 519, 523 (App. Div. 1973), certif. den. 64 N.J. 493 (1974).
It is the duty and obligation of a court to promote the objectives of the people in securing a plebescite upon a question so long as the demands of the law which authorize same can be complied with without an invasion of any person's rights. Plaintiff Margate Tavern Owners' Association delineates nine differences between the Title 40 statute and the Title 33 statute, and concludes that there are three critical areas which would effect prejudice to it by the use of N.J. *442 S.A. 40:74-14 rather than N.J.S.A. 33:1-47.1. The first is that the petition makes it impossible to determine what percentage of the people signed the petition with respect to the closing hours and what percentage signed it with respect to the other topics contained in the proposed ordinance. Thus it says that it has no assurance that the signers of the petition did so in order to curtail the hours of sale and for no other reason.
This argument is not persuasive. If the voters were voting on an ordinance under N.J.S.A. 40:74-14 which might contain a number of related objectives, they would be presumed to be voting for the whole package or against the whole package. Plaintiff's argument presupposes that § 47.1 excludes a consideration by the voters of any subjects other than the hours of sale. We find no such express or implied policy in the statute. It is not prejudicial to the position of plaintiff, in any event. It may even deter some from voting favorably. Our reading of the statute does not lead us to the conclusion contended for by plaintiff. Its argument that the language in the first paragraph, "which questions shall be specifically and separately set forth in the petition," obviously applies only to the questions of Sunday hours, if included, and secular-day hours.
The second area is that the petition submitted by the civic association carries no explanatory statement and commingles several objectives. This objection can be answered by providing for an explanatory statement in order to comply with the mandate of § 47.1, and we do so as hereinafter stated.
The third and last area suggested by plaintiff is that the procedure employed by the petitioner deprives plaintiff, should it prevail, of the five-year moratorium available under § 47.1. This is patently frivolous. If plaintiff is entitled to the benefit of the five years, there is nothing prejudicial to it in that regard in submitting the matter to a vote. The five-year provision is a matter of law which can be determined *443 if and when it becomes ripe for determination. The fact that the plebescite will be held does not in anywise constitute a determination that its submission to the people at this time is pursuant to the Title 40 statute.
The ordinance may be submitted to a vote with the following explanatory statement:
Explanatory Statement  A "Yes" vote is a vote in favor of the proposed ordinance, one of the effects of which is to prohibit sales of alcoholic beverages in this municipality only within the hours of 2:00 a.m. and 8:00 a.m., as set forth in section one of said ordinance. A "No" vote is a vote against the adoption of the proposed ordinance, one of the effects of which is to vote against changing the hours during which sales of alcoholic beverages are now permitted in this municipality.
Though the petition as framed indicates that the petition and referendum were respectively filed and sought pursuant to N.J.S.A. 40:74-14, in essence the ordinance is one which seeks to regulate in part the hours of sale of alcoholic beverages. We consider it as if the proceeding to bring about the referendum were initiated under Title 33.
Consistent with this opinion, the judgment of the trial court is reversed and defendant Carl Valore, County Clerk, is directed to place the ordinance upon the ballot, with the explanatory statement quoted above to follow same.

APPENDIX

(Petition)
TO: G. Roland Brown, City Clerk, Margate City, New Jersey
We, the undersigned citizens of the City of Margate, hereby petition the Board of Commissioners for the passage of the following ordinance as provided in N.J.S.A. 40:74-14(a), or, failing same, for the submission of the proposal to the voters of Margate, as provided in N.J.S.A. 40:74-14(b).
BE IT ORDAINED by the Board of Commissioners of the City of Margate City, New Jersey:
SECTION 1. That all places holding any plenary retail consumption license or club license in the City of Margate City, New Jersey, shall remain closed each day from 2:00 A.M. to 8:00 A.M. The aforementioned shall cease to sell alcoholic beverages and shall cause their premises to be vacated by all but bone fide employees during these hours. All music and entertainment to stop at 1:00 A.M.
*444 SECTION 2. The hours mentioned herein refer to the time officially in effect in the City of Margate City.
SECTION 3. All resolutions, ordinances, or parts of resolutions or ordinances inconsistent herewith be and the same are hereby repealed.
SECTION 4. This ordinance shall take effect after its final passage and publication, according to law.
SECTION 5. This ordinance shall not be amended or repealed unless the ordinance to amend or repeal this ordinance shall be submitted to the voters of Margate and be approved by a majority thereof.
NOTES
[1] Notice of appeal was filed herein on October 7, 1976. On application we advanced the processing and hearing thereof.