FRANK N. NARCISO, HELEN DOLAN, LORETTA CUTLER, ELEA-
NOR GIBSON, NATHAN JACOB, COMMITTEE OF PETITION-
ERS UNDER THE SLOGAN "UNITED FOR BETTER GOVERN-
MENT IN CHERRY HILL", PLAINTIFFS–APPELLANTS, v.
EVA M. WORRICK, TOWNSHIP CLERK OF THE TOWNSHIP
OF CHERRY HILL IN THE COUNTY OF CAMDEN, AND MI-
CHAEL KEATING, COUNTY CLERK OF THE COUNTY OF
CAMDEN, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1980—Decided November 13, 1980.

Before Judges BISCHOFF, MILMED and FRANCIS.

*John A. Yacovelle* argued the cause for appellants.

*Ralph J. Kmiec* argued the cause for respondent Eva M. Worrick, Township Clerk of the Township of Cherry Hill.

*Albert J. Scarduzio* argued the cause for respondent Michael Keating, County Clerk of the County of Camden.

PER CURIAM.

Since November 6, 1962 the Township of Cherry Hill has operated under some form of Council–Manager form of government. On September 2 and 4, 1980 plaintiffs, functioning as a Committee of the Petitioners, filed with the township clerk 603 pages bearing 10,358 signatures calling for a referendum to change the form of government of the township. On September 22, 1980 the township clerk filed a certification stating that "the petition is defective both as to the form of the question and the number of valid registered signatures." *N.J.S.A.* 40:69A–187. On October 2, 1980 plaintiffs filed additional pages containing 2,418 signatures. By supplemental certificate the township clerk ruled that the form of the question was still deficient and the petition still contained inadequate signatures. *N.J.S.A.* 40:69A–188.

Plaintiffs filed a complaint in lieu of prerogative writs seeking (1) a declaration that the clerk's certification and rejection of the petition was arbitrary and an abuse of discretion, and (2) an order directing the township clerk to certify the petition to the county clerk for the purpose of placing the question on the ballot. Other relief not here pertinent was also sought.

An order to show cause returnable October 10, 1980 was filed with the complaint. Cross-motions for summary judgment were filed and made returnable that same date. At the conclusion of arguments held on the return day the trial judge ruled that the form of the petition did not conform to the statute (*N.J.S.A.* 40:69A–14). He entered an order granting defendant's motion for summary judgment as to count four of the complaint and dismissed the entire complaint (count four of the complaint sought a declaration that the form of the petition conformed to the statute). Plaintiff appealed. We accelerated the proceedings and at the conclusion of arguments held on October 14, 1980 we rendered an oral decision from the bench reversing the determination of the trial judge, ruling that the form of the petition was legally sufficient and remanding the matter to the trial judge for further proceedings on other counts of the complaint. This opinion is now filed to state the reasons for our action.

The controlling statute is *N.J.S.A.* 40:69A–14, which reads:

40:69A–14. Form of submission of question of adoption of optional plans of government.

The question to be submitted to the voters for the adoption of any of the optional plans of government authorized by articles 3 through 16, inclusive, and 12A of this act, including any of the alternatives contained in section 1–13 of this act, shall be submitted in the following form or such part thereof as shall be applicable:

"Shall . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . of the
(insert name of plan)
Optional Municipal Charter Law, providing for (a division of the municipality into . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(insert number)

wards, with) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . councilmen (one to
(insert number)
be elected from each ward and . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(insert number)
to be elected at large) be adopted by . . . . . . . . . . . . . . . . . . . . . . . . ?"
(insert name of municipality)

The question stated in the petition was as follows:

Shall the Mayor–Council Plan B (Article 4), of the Optional Municipal Charter law, providing for a full time Mayor elected by the people for a four year term and seven (7) Councilmen at large for staggered four year terms in elections to be held on the second Tuesday of May, 1981, be adopted by the Township of Cherry Hill in the County of Camden, State of New Jersey to replace the present Council–Manager Plan B form of Government?

The trial judge ruled that the question was improperly stated because there was no statutory requirement under the Mayor–Council Plan B that the mayor serve full–time, and there was no provision in the statute for an interpretive statement; that the petition was misleading to the voters in that it promised something it could not deliver, and that the defect could not be cured by deleting the words "full time" from the question to be placed on the ballot.

We reach a contrary conclusion. The Mayor–Council Plan B form of government, N.J.S.A. 40–69A–49 et seq., provides for government by an elected council of five members with a mayor elected by the voters. It is perfectly obvious that strict adherence to the form of the question stated in N.J.S.A. 40:69A–14 is impossible when considering the Mayor–Council Plan B form of government. The statutory form would not have alerted the voters to the fact that the mayor was to be elected by the voters and the statutory language must be adapted to provide notice of the fact that an elected mayor is to replace a mayor elected by the council from among their number and replace the township manager as a chief executive officer.

Thus the narrow issue is whether the addition of the descriptive words "full time" when there is no statutory requirement that the mayor under the Mayor–Council Plan B form of

government be full–time invalidates the petition. The fundamental purpose of the Faulkner Act (*N.J.S.A.* 40:69A–1 *et seq.*) is to encourage citizen interest and participation in municipal affairs. One of the cornerstones of that act is the referendum procedures incorporated in it. *Meridian Develop. Co. v. Edison Tp.*, 91 *N.J.Super.* 310 (Law Div.1966). It is well established that initiative and referendum statutes should be liberally construed in order to encourage public participation in municipal affairs in the face of normal apathy and lethargy in such matters. *Margate Tavern Owners Ass'n v. Brown*, 144 *N.J.Super.* 435, 441 (App.Div.1976), certif. den. 72 *N.J.* 455 (1976).

The issue of a proposed change in governmental plan has been before the voters for some time, and approximately 13,000 people (albeit not all are registered voters of the township and some signatures may be invalid) have signed petitions to place the issue on the ballot. Admittedly the statute speaks of the form of the question to be submitted in mandatory terms. However, it cannot be applied literally in all cases, so some variation must have been anticipated and intended by the Legislature. We are of the view that the inclusion of the descriptive words "full time" in the petition will not have the effect of misleading the voter if they are not included in the question stated on the ballot.

The petition, taken as a whole, fairly advises a reasonable voter of the alternative form of government proposed. *Marotta v. Leone*, 172 *N.J.Super.* 62, 68 (Law Div.1979). We therefore direct that if the question is to be placed on the ballot it shall omit the words "full time." *Guernsey v. Allan*, 63 *N.J.Super.* 270 (App.Div.1960); *Stop Pay Hikes v. Irvington*, 166 *N.J.Super.* 197 (Law Div.1979), aff'd o.b. 170 *N.J.Super.* 393 (App.Div.1979); *Margate Tavern Owners Ass'n v. Brown, supra.* Subject to this condition we hold that the petition is neither misleading nor confusing. It adequately and validly states the question to be presented to the voter and substantially conforms to the statutory requirements.

The judgment dismissing the complaint is reversed and the matter is remanded to the trial court for further proceedings consistent herewith on other counts of the complaint.